IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DONNIE GRAVES, #2061668, | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO.  6:18-CV-00070-TH |
| | § | |
| v. | § | |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above entitled and numbered civil action was referred to United States Magistrate

Judge John D. Love pursuant to 28 U.S.C. § 636. On March 8, 2019, the Magistrate Judge issued

his Report and Recommendation (Doc. No. 12), recommending the above-styled application for a

writ of habeas corpus be dismissed with prejudice and Petitioner Donnie Graves ("Petitioner") be

denied a certificate of appeal *sua sponte*. Petitioner, through counsel, has submitted objections to

the Magistrate Judge's Report and Recommendation. (Doc. No. 13.) Accordingly, the Court

conducts a *de novo* review of the portions of the Report and Recommendation to which objections

are made. 28 U.S.C. § 636(b)(1)(C).

In his original petition, Petitioner raised two grounds of error. (Doc. No. 1, at 6, 11–12.)

The first dealt with alleged due process violations occurring in the state district court when

processing Petitioner's postconviction Article 11.07 application for a writ of habeas corpus. The

second alleged error dealt with alleged due process violations occurring in the Texas Court of

Criminal Appeals when adjudicating Petitioner's Article 11.07 application for a writ of habeas

corpus. In his Report and Recommendation, the Magistrate Judge noted that state postconviction

proceedings, such as habeas proceedings, are collateral to an original conviction, and accordingly any alleged error occurring during state habeas proceedings do not present a constitutional error entitling Petitioner to federal habeas review. (Doc. No. 12.) Accordingly, the Magistrate Judge recommended denying Petitioner's application for a writ of habeas corpus. (Doc. No. 12.)

In his objections, Petitioner argues that the Fifth Circuit has held that Texas's mandatory supervision scheme creates a constitutional expectancy of early release for eligible inmates, and therefore, a protected liberty interest entitling an inmate to minimum due process protection. (Doc. No. 13, at 3.) Petitioner argues that similar to Texas's mandatory supervision scheme, an Article 11.07 application for a writ of habeas corpus also creates a protected liberty interest entitling a petitioner to minimum due process protection. (Doc. No. 13, at 3.) Petitioner further argues that some authority exists in support of his arguments and accordingly he should be granted a certificate of appealability.

Petitioner's arguments are contrary to well established Fifth Circuit law supporting that alleged constitutional errors in state postconviction proceedings do not provide a basis for federal habeas review. *Kinsel v. Cain*, 647 F.3d 265, 273 (5th Cir. 2011) ("We, as a federal appeals court entertaining a *federal* habeas corpus application, are without jurisdiction to review the constitutionality of [petitioner's] state postconviction proceedings. Indeed, we are barred from doing so by our 'no state habeas infirmities' rule." (emphasis in original)); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) ("Our circuit precedent makes clear that [petitioner's] 'claim fails because infirmities in state habeas proceedings do not constitute grounds for relief in federal court.'"); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (noting that a state habeas proceeding is collateral to an original conviction and accordingly errors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction).

Accordingly, the Court **ADOPTS** the findings of the Magistrate Judge and **OVERRULES** Petitioner's objections. It is **ORDERED** that the above-styled application for the writ of habeas corpus be **DISMISSED WITH PREJUDICE**. The Court **FURTHER ORDERS** that Petitioner Graves be **DENIED** a certificate of appeal *sua sponte*.

**SIGNED** this the 25 day of **March, 2019.**

Thad Heartfield
United States District Judge